Thornhill v. Oldham.

---

No. 25,260.

E. C. THORNHILL, *Appellee,* v. T. H. OLDHAM, *Appellant.*

SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*Express Contract for Definite Sum as Commission.* The proceedings considered, and *held,* the evidence was sufficient to sustain plaintiff's claim that he had an express contract to receive a definite sum as commission for an exchange of real estate made through his efforts.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed May 10, 1924. Affirmed.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellant.

*C. E. Branine,* and *H. R. Branine,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover a real-estate agent's commission. Plaintiff prevailed, and defendant appeals.

The action was commenced by filing a bill of particulars with a justice of the peace, in which judgment was claimed for the sum of $120. The pleading was not amended in the district court. At the beginning of the trial plaintiff's attorney stated plaintiff claimed under an express contract for a commission of $120, and the case was tried on that theory. The evidence disclosed that plaintiff interested Holland in land situated in Illinois, belonging to defendant. Through plaintiff's efforts, Holland visited defendant for the purpose of talking trade. Afterwards, defendant visited Holland, and traded the Illinois land for Holland's Colorado land. The Illinois land comprised sixty acres, and Holland testified as follows: "The Illinois land was put up to me at $80 per acre." The Illinois land was subject to a mortgage of $1,200, and Holland priced his land at $3,600. Plaintiff testified as follows:

"The defendant listed with me to trade his Illinois land; he said for me to get him a trade for his Illinois land, and he would pay me a commission for it. He said put it in at $80 an acre, that there was 60 acres of it, well improved. He was to pay the regular commission of 2½ per cent on the $4,800."

Defendant denied listing his land with plaintiff, denied pricing it at $80 per acre, and denied that he agreed to pay plaintiff a commission for disposing of it. Testimony offered by defendant touching value of the Colorado land was rejected, and he requested an instruction to the jury that, if he placed his land in plaintiff's hands for exchange, the measure of plaintiff's recovery would be 2½ per cent of the actual value of the land for which it was exchanged. The request was denied, and the court instructed the jury on the theory of an express contract to pay a definite sum for specific services.

Defendant says the evidence did not sustain plaintiff's claim that he had a contract to receive $120 if the Illinois land were traded through his efforts. Evidence sufficient to sustain the claim has been quoted.

If plaintiff had an express contract for a commission of $120 if he procured a trade of the Illinois land, in which that land was valued at $80 per acre for the 60 acres, it made no difference what defendant chose to accept for the tract. Since plaintiff stood on such

a contract, evidence regarding value of the Colorado land was immaterial, the requested instruction was properly denied, and the instruction given was correct.

The judgment of the district court is affirmed.